UNITED STATES of America, Plaintiff,

v.

**Frank P. NEWELL, Defendant.**

UNITED STATES of America, Plaintiff,

v.

**Angela D. LANE, Defendant.**

Nos. CR–91–195–WFN, CR–91–196–WFN.

United States District Court,
E.D. Washington.

March 30, 1992.

---

Earl A. Hicks, Asst. U.S. Atty., U.S. Attorney's Office, Spokane, Wash., for U.S.

S. Edward Carroll, Spokane, Wash., for Frank P. Newell.

Aaron L. Lowe, Spokane, Wash., for Angela D. Lane.

## MEMORANDUM OPINION

WM. FREMMING NIELSEN, District Judge.

On March 23, 1992, the court reopened the sentencing hearings for the above named defendants. Newell's sentence was modified to require drug testing during supervised release. This memorandum memorializes the oral statement of reasons for departure from the guidelines for Lane.[1]

Lane is the mother of six children, the oldest of whom is thirteen years old. Family ties and responsibilities "are not *ordinarily* relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.6 (Policy Statement) (emphasis added). Several courts have found that this and similar policy statements permit departure in extraordinary circumstances. *See, e.g., United States v. Garlich*, 951 F.2d 161, 164 (8th Cir.1991); *United States v. Berlier*, 948 F.2d 1093, 1094 (9th Cir.1991); *United States v. Floyd*, 945 F.2d 1096, 1100–01 (9th Cir.1991); *United States v. Pena* 930 F.2d 1486, 1494–95 (10th Cir.1991); *United States v. Headley*, 923 F.2d 1079, 1082–83 (3d Cir.1991); *United States v. Deigert*, 916 F.2d 916, 918–19 (4th Cir.1990). Lane's extraordinary and unique family circumstances are, the court concludes, relevant to the sentencing process.

A three-step process is required to justify a departure from the guidelines. The court must (1) determine whether the Sentencing Commission adequately considered the particular circumstances of the case; (2) make findings that would justify a departure; and (3) if departure is warranted, depart in a reasonable manner to insure the purposes of the guidelines are achieved. *See United States v. Lira–Barraza*, 941 F.2d 745, 746–47 (9th Cir.1991) (en banc).[2]

Lane presented evidence at the hearing to show that, during any term of incarceration, the only family member who would be able to care for all six children would be her mother. Evidence further indicated that Lane's mother would most likely be able to care for the children for only a limited time after which it would be necessary to place them in foster care. A witness from the Washington Division of Child and Family Services testified that if foster care became necessary because family resources were exhausted, it would be nearly impossible to keep the children together. Witnesses also testified that some of the children have exhibited social and school problems, but these problems have abated somewhat with the counseling Lane and the children are undergoing.

The Sentencing Commission determined that family ties and responsibilities are not ordinarily relevant when viewed from the perspective of a defendant. The court finds, however, that with respect to innocent family members, particularly minor children, the Commission did not adequately consider consequences of incarceration in circumstances like those presented here. The court further finds that if Lane is incarcerated for 33 months, the minimum of the guidelines range, there is a strong likelihood, if not a near certainty, that the children would be separated. This added trauma would only increase the potential

---

1. Defendants presented evidence to show the offense was aberrant behavior. For reasons stated in the order of March 13, 1992, a departure based on aberrant behavior is unwarranted.

   Because the court granted the motions for rehearing, no judgment had been entered after the first sentencing.

2. *Lira–Barraza* cast the three-step process in the framework of appellate review. The process for deciding to depart in the first instance should parallel the process that would be used on review.

for exacerbation of difficulties the children have experienced. This, in turn, could easily lead to an increased burden on the public through social service, school, and criminal justice systems.

The court therefore finds that a departure is warranted. There is, of course, no guarantee that a departure will result in maintaining the family as a unit, eliminating or even reducing the problems the children may have, or erasing the burden they may in the future impose on the public. Nonetheless, the court concludes that the sentence of six months incarceration, followed by six months home detention and three years supervised release (a total of four years during which Lane will be closely monitored) is a reasonable balance. The guidelines purposes of punishing and deterring criminal conduct are served by this sentence. At the same time, the chances for stable lives for the children are increased.

As the court stated in its oral ruling at the hearing, it is concern for the well-being of Lane's children that is the reason for the departure. This concern has led the court to grant Lane a windfall benefit that she would not otherwise be entitled to nor receive. The court encourages her to take advantage of the counseling and other opportunities available and to avoid the harsh consequences of deviating from the conditions imposed upon her during the time of her home detention and supervised release.