**UNITED STATES of America, Plaintiff,**

v.

**Andres RIOS–PAZ, Defendant.**

**No. CR–89–0721.**

United States District Court,
E.D. New York.

Dec. 22, 1992.

Andres Rios–Paz, pro se.

Miriam Best, Asst. U.S. Atty., Brooklyn, NY, on the criminal matter, for U.S.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On December 1, 1989, defendant Andres Rios–Paz pleaded guilty to possession with intent to distribute in excess of 500 grams of cocaine. Based on the calculations in the pre-sentence report,[1] on February 7, 1990, this Court sentenced Rios–Paz to 63 months of imprisonment, five years of supervised release, and a $50.00 special assessment.

By habeas petition, filed December 14, 1992, Rios–Paz moves for a reduction in sentence pursuant to 28 U.S.C. § 2255 based on a recent amendment to the United States Sentencing Guidelines ("Guidelines"). Section 3E1.1 of the Guidelines now provides for an additional one-level decrease for acceptance of responsibility in computing the applicable sentencing range. *See* U.S.S.G.App. C, Amend. 459 (1992) (effective Nov. 1, 1992).

The relief defendant seeks is beyond the scope of a habeas petition. Section 2255 of Title 28 allows a court to vacate, set aside, or correct a sentence if the petitioner alleges that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255. Rios–Paz does not claim that his sentence suffered from any of those infirmities. Moreover, a sentencing court is required to consider the sentencing guidelines in effect at the sentencing date. 18 U.S.C. § 3553(a)(4); *United States v. Colon*, 961 F.2d 41, 45 (2d Cir.1992). Accordingly, the habeas petition must be dismissed.

However, since it is obvious from the memorandum of law accompanying the petition that Rios–Paz intended to move for a reduction of sentence under 18 U.S.C. 3582(c)(2), this Court will treat it as such in light of *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Section 3582(c)(2) empowers a court to modify a sentence imposed pursuant to the Guidelines in light of subsequent amendments that would have lowered the applicable sentencing range had they been in effect at the date of sentencing, provided the Sentencing Commission has not issued a policy statement against retroactive application of the guideline amendment.[2]

Under section 994(a) of Title 28, the Sentencing Commission ("Commission") shall promulgate Guidelines to be used by sentencing courts when imposing sentence upon criminal defendants. 28 U.S.C. § 994(a)(1). To facilitate application of the Guidelines, the Commission is authorized to issue general policy statements, including whether sentences already imposed can be modified under § 3582(c)(2). *See* 28 U.S.C. § 994(a)(2)(C). Furthermore, the Commission is obligated "periodically [to] review and revise" the Guidelines, and, based on its findings, may submit proposed amendments to Congress which become effective on a specified date within a statutorily prescribed period, unless Congress modifies or disapproves of the proposed amendments. 28 U.S.C. § 994(p).

---

1. The pre-sentence report properly established a base offense level of 32 under Guideline § 2D1.1(a)(3), (c)(6), based on the 6.933 kilograms linked to Rios–Paz. His sentence was then computed for a total offense level of 26 after the base offense level was reduced by 4 levels for his minimal role (Guideline § 3B1.2(a)) and by 2 levels for his acceptance of responsibility (Guideline § 3E1.1(a)).

2. Section 3582 provides, in relevant part:

   *The court may not modify a term of imprisonment once it has been imposed except that—*

   > (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant ... or on its own motion, *the court may reduce the term of imprisonment,* after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

   18 U.S.C. § 3582(c)(2) (emphasis supplied).

■ The Supreme Court has recognized that Congress "granted the Commission the *unusual explicit power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect [under] 28 U.S.C. § 994(u)." *Braxton v. United States*, —— U.S. ——, ——, 111 S.Ct. 1854, 1858, 114 L.Ed.2d 385 (1991) (emphasis supplied in part). Section 994(u) provides:

> If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

28 U.S.C. § 994(u). Section 1B1.10 of the Guidelines contains the general policy statement of the Commission on the retroactivity of amendments to the Guidelines. U.S.S.G. § 1B1.10, p.s. (policy statement) ("§ 1B1.10"). Section 1B1.10(a) provides that all amendments are prospective only, unless specifically enumerated in § 1B1.10(d).

The Circuit has recently declined to rule whether the interplay of § 1B1.10 and 18 U.S.C. § 3582(c)(2) precludes the sentencing court from retroactively applying an amendment not listed in § 1B1.10(d). *United States v. Colon*, 961 F.2d 41, 45–46 (2d Cir.1992); *cf. United States v. Park*, 951 F.2d 634, 636 (5th Cir.1992) (retroactively applying Amend. 379 included in § 1B1.10(d) while noting that courts might not be bound by such policy statements). This Court, however, concludes that § 1B1.10 is controlling based on the "explicit unusual *power*" conferred on the Commission to determine the retroactivity of guideline amendments as provided by Congress in 28 U.S.C. § 994(u).

In addition, the policy statement of § 1B1.10 must be accorded significant weight because the Sentencing Commission intended to foreclose modifications of sentence under 18 U.S.C. § 3582(c)(2). "[W]here ... a policy statement prohibits a district court from taking a specified action, the statement is an authoritative guide to the meaning of the applicable guideline." *Williams v. United States*, —— U.S. ——, ——, 112 S.Ct. 1112, 1119, 117 L.Ed.2d 341 (1992).

In *Williams*, the sentencing court departed upwards from the applicable sentencing range by increasing the defendant's criminal history category to reflect the seriousness of his crime under Guideline § 4A1.3, p.s. (policy statement), based on two outdated convictions and several prior arrests. *Id.*, —— U.S. at ——, 112 S.Ct. at 1117. In affirming the sentence imposed, the Court of Appeals noted that, while the defendant's prior arrest records were improper grounds for departure under the express language of § 4A1.3 (policy statement), the increased sentence was reasonable based on the outdated convictions standing alone. *Id.*, —— U.S. at —— ——, 112 S.Ct. at 1117–18. The Court held that the sentencing court incorrectly applied the guidelines by ignoring an express prohibition in the policy statement and that a harmless error analysis applies when a sentencing court considers both proper and improper factors for upward departure. *Id.*, —— U.S. at —— – ——, 112 S.Ct. at 1119–21.

■ Likewise, in this case, the Commission, by its policy statement in § 1B1.10 prohibits a district court from modifying a sentence under 18 U.S.C. § 3582(c)(2) for any amendment not listed in § 1B1.10(d). As of November 1, 1992, Guideline § 3E1.1, entitled *Acceptance of Responsibility*, now provides:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
>
> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level *16* or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> > (1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by *1* additional level.

U.S.S.G. § 3E1.1 (1992) (emphasis in original). Since Amendment 459—which added subsection (b) of Guideline § 3E1.1—is not listed in § 1B1.10(d), this Court is unable to modify Rios–Paz' sentence under 18 U.S.C. § 3582(c)(2).

Rios–Paz argues that Amendment 459 should be applied retroactively as it merely "clarifies" existing law. [Def's] Memo. of Law at 7–8. In *United States v. Guerrero*, 863 F.2d 245 (2d Cir.1988), the court held that an amendment which serves to "clarify a meaning that was fairly to be drawn from the original version" would be applied retroactively. *Id.* at 250. *See also United States v. Deigert*, 916 F.2d 916, 917 (4th Cir.1990) (same); *United States v. Restrepo*, 903 F.2d 648, 656 (9th Cir.1990) (same), *withdrawn in part on other ground on reh'g en banc*, 946 F.2d 654 (1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). However, defendant's reliance on those decisions is misplaced because each of those courts pointed to the Commission's statement that the amendments were for clarification purposes only. *Guerreo*, 863 F.2d at 250 (amendments "are intended solely to enhance understanding and clarity"); *Deigert*, 916 F.2d at 917 ("purposes of this amendment are to correct a clerical error and to clarify the operation of the guidelines"); *Restrepo*, 903 F.2d at 656 (amendments "clarify the intent underlying § 1B1.3 as originally promulgated"); *see also United States v. Mooneyham*, 938 F.2d 139, 140 (9th Cir.1991) (noting that clarifying amendment states that it is "to clarify" the operation of the

guideline), *cert. denied*, —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991).

In contrast, it is obvious that Amendment 459 is not a "clarifying amendment" because it *does not* clarify existing law. In proposing Amendment 459, the Commission stated, "[t]his amendment provides an additional reduction of one level for certain defendants whose acceptance of responsibility includes assistance to the government in the investigation or prosecution of their own misconduct." App. C, Amend 459 (1992).[3] Amendment 459 is an intended change in the law to induce criminal defendants to plead early on in the case for purposes of prosecutorial and judicial economy. *See* U.S.S.G.App. C, Amend. 459 (1992) (adding Application Note 6 that "to qualify [for the additional one level reduction], the defendant must have notified authorities of his intention to enter a plea of guilty at a *sufficient early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently*") (emphasis supplied). Thus, the additional one level reduction is clearly a change in Guideline § 3E1.1, not a clarification of the earlier guideline, and cannot be retroactively applied under that theory.

Moreover, this Court agrees with the well-reasoned opinion of Judge Breyer of the First Circuit in *United States v. Havener*, 905 F.2d 3 (1st Cir.1990), that there are other substantial reasons that preclude retroactive application of Guidelines amendments. In *Havener*, the defendant was sentenced as a "career offender" under Guideline § 4B1.1. *Id.* at 4. While the case was on appeal, the court addressed whether the defendant could benefit from Amend. 266 to the Guidelines, which amended § 4B1.1 to allow "career offenders" to receive a two-level downward adjustment for acceptance of responsibility under § 3E1.1. *Id.*

---

**3.** Where a 1992 amendment was intended to clarify an existing Guideline, the Commission so stated in the commentary to the amendment. *See, e.g.*, App. C, Amend. 454 (1992) ("This amendment clarifies …"); App. C, Amend. 456 (1992) (same); App. C, Amend. 467 (1992)

(same); App. C., Amend. 470 (1992) (same); App. C., Amend 471 (1992) (same); App. C., Amend 473 (1992) (same); *but cf.* App. C., Amend. 462 (1992) ("This amendment expands …"); App. C., Amend. 469 (1992) (same).

The court held that Amend. 266 could not be retroactively applied. *Id.* at 5. First, the court equated a Guidelines amendment which changes the term of imprisonment to be imposed at sentencing to a change in substantive criminal law, and applied the general rule of non-retroactivity of statutes in the area of substantive criminal law. *Id.* at 5–6. Next, since the prefatory language of § 3582(c) provides that a court cannot modify an imposed sentence except as provided for in § 3582(c)(1) and (c)(2), "once the district court *imposes* the sentence, no one can change it, *unless* [it fits within one of those exceptions]." *Id.* at 6–7. Finally, the court noted that, by not including Amend. 266 in § 1B1.10(d), the Commission determined that it not be retroactively applied based, in part, on the administrative inconvenience of applying Guidelines amendments to those presently serving prison terms. *See id.* at 7. Similarly, the court reasoned that Guidelines amendments should not retroactively apply to cases on appeal because it would create artificial incentives for convicted defendants to take unnecessary appeals or to delay their appeals in the misguided hope of benefiting from a subsequent Guidelines amendment. *Id.* at 7–8.

As those reasons are equally applicable to this case, this Court must concur with Judge Breyer that:

> In sum, the statut[ory] language [of 18 U.S.C. § 3582(c)], considerations of administrative policy, and the quite different background [of] retroactivity assumptions in the area of substantive criminal law lead [this Court] to conclude that [Rios–Paz] does not have a legal right to benefit from Amendment [459], which amendment took effect after th[is] [C]ourt had "imposed" his otherwise lawful sentence.

*Id.* at 8.

## CONCLUSION

Rios–Paz moves for a modification of his sentence in light of the additional one-level reduction for acceptance of responsibility as provided for in Amend. 459 to the Sentencing Guidelines. As that amendment cannot be retroactively applied, his habeas petition and, alternatively, his motion for reduction of sentence is denied.

SO ORDERED.