993 F.2d 229
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony ST. ANGELO, Sr., Defendant-Appellant.
 No. 92-5430.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 21, 1993
Decided: May 5, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-91-173-WN)
 Gregg L. Bernstein, Miles & Stockbridge, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Ethan L. Bauman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Anthony St. Angelo, Sr., was convicted by a jury of four counts of unlawful disposal of hazardous waste in violation of 42 U.S.C.A. § 6928(d)(2)(A) (West Supp. 1992) and 18 U.S.C.A. § 2 (West 1969). He appeals the twenty-one month sentence he received, contending first that the district court incorrectly enhanced his base offense level pursuant to guideline section 2Q1.2(b)(4),* and, second, that the court failed to rule on his motion for a downward departure and failed to recognize its discretion to depart. We affirm.
 
 
 2
 Section 2Q1.2(b)(4) provides for a four-level increase in the base offense level where the offense involved storage or disposal of hazardous wastes without a permit or in violation of a permit. St. Angelo violated the statute by improperly disposing of spent solvents and substances containing high amounts of lead, mixing them with ordinary trash or dumping them on the ground around his furniture refinishing business, rather than transporting them to a certified hazardous waste disposal facility. He argues that the enhancement does not apply to him because his business was a small-quantity generator of hazardous waste and was not required to have a permit to store the waste on his business premises. There was evidence that St. Angelo's business became a large-quantity generator of hazardous waste before the dates of the violations charged in the indictment. However, the argument is off the mark because St. Angelo did not merely store the hazardous waste, but disposed of his hazardous waste, and did so without a permit. Section 2Q1.2(b)(4) clearly applied in his case and the district court did not err in applying it.
 
 
 3
 After making the necessary determinations on contested matters relating to the calculation of the guideline range, the district court noted that St. Angelo had requested a departure based on his difficult and abusive childhood and his wife's illness. The court stated that it did not believe a departure was permitted "given those circumstances." The court nevertheless heard counsel's extended argument in favor of a departure, and the government's argument against departure during which the parties and the court repeatedly referred to United States v. Deigert, 916 F.2d 916 (4th Cir. 1990). In Deigert, we remanded for resentencing to be sure the district court understood its authority to depart, in the appropriate case, for extraordinary family circumstances. Both parties agreed that the court had discretion to depart. Without further comment, the district court then imposed a sentence at the bottom of the guideline range. St. Angelo maintains that resentencing is necessary because the court failed to understand its authority to depart on the grounds presented. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990).
 
 
 4
 Although the better practice would have been for the district court to state explicitly that it was exercising its discretion not to depart, our review of the record discloses that the court understood its authority to depart and chose not to do so. The only question before the district court was whether the circumstances presented by St. Angelo warranted a departure. By imposing sentence within the range, the court showed that counsel's argument had not altered its initial view that there was no basis for a departure in this case. Resentencing is not required.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)