**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5346

JOHN THOMAS WATSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-93-386-B)

Submitted: December 14, 1995

Decided: January 9, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard William Winelander, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Stephen S. Zimmermann,
Assistant United States Attorney, Barbara S. Skalla, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Thomas Watson pled guilty to conspiracy to distribute and to possess with intent to distribute heroin, 21 U.S.C.A. § 846 (West Supp. 1995), and was sentenced to 108 months imprisonment. He appeals his sentence, contending that the district court failed to interpret correctly its authority to depart under USSG§ 5K2.13, p.s. (Diminished Capacity).[1] Finding no error, we affirm.

A discretionary decision not to depart from the sentencing guideline range is not reviewable on appeal, see United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990), but when the district court refuses to depart because of an apparent lack of legal authority to depart, its decision is reviewable. Id. at 31; United States v. Hall, 977 F.2d 861, 863 (4th Cir. 1992). Watson claims that the district court misconstrued the extent and nature of its discretion to depart for diminished mental capacity. The government argues that the district court understood its authority and exercised its discretion in deciding not to depart. Because the district court held that USSG § 5H1.4, p.s. (Physical Condition Including Drug or Alcohol Dependence or Abuse) precluded a departure, Watson's appeal is reviewable.

A downward departure may be warranted for diminished capacity if, at the time of the offense, the defendant was"suffering from significantly reduced mental capacity not resulting from voluntary use of drugs." USSG § 5K2.13. Under § 5H1.4, drug dependence or abuse is not a reason for imposing a sentence below the guidelines.

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Watson participated in a heroin conspiracy from December 1992 to August 1993. He first worked as the manager of one of the distribution locations, but was fired and returned a short while later as a street runner. At Watson's sentencing hearing, Dr. Michael Spodak, a forensic psychiatrist, testified that Watson began voluntarily injecting drugs in 1987 and by early 1992 was so addicted to heroin that his drug use and drug-seeking activities were involuntary. Dr. Spodak characterized Watson's participation in the heroin conspiracy as involuntary drug-seeking behavior which was connected to a diminished mental capacity resulting from his addiction. [2]

However, Watson told Dr. Spodak that he injected heroin at 2:00 a.m. on the day of his arrest. The federal agent who arrested Watson at 10:00 a.m. and remained in his company for the following four hours testified that Watson displayed none of the withdrawal symptoms that Dr. Spodak said would be apparent within eight hours when a severely addicted person is deprived of heroin. Moreover, at a detention hearing the next day, Watson informed the court that he was not going through withdrawal and would test negative for drugs after the weekend if he were allowed to remain free. He was released and tested negative on the following Monday; he was later detained again after his drug use resumed.

The district court found that drug addiction was specifically excluded as a reason for departure under § 5H1.4, noting Fourth Circuit precedent. See United States v. Kennedy, 32 F.3d 876, 887 n.2 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500); United States v. Deigert, 916 F.2d 916, 919 n.2 (4th Cir. 1990). Consequently, the court held that "involuntary use of drugs" resulting in diminished mental capacity under § 5K2.13 must mean something other than drug addiction caused by voluntary drug use unrelated to a medical need or pre-existing mental illness. We agree. See United States v. Cantu , 12 F.3d 1506, 1514-15 (9th Cir. 1993) (departure possible because mental condition preceded and caused alcoholism); cf. United States v. Anders, 956 F.2d 907, 912 (4th Cir. 1992) (even if bank robber's drug addiction constituted

_____

[2] Dr. Spodak testified that Watson had suffered two head injuries in the past and had a personality disorder. He did not suggest that either circumstance contributed to Watson's participation in the conspiracy.

3

involuntary drug use, it was not extraordinary circumstance warranting § 5K2.13 departure), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3651 (U.S. Mar. 22, 1993) (No. 92-6983). On the facts before it, the district court correctly interpreted the guideline and found that a departure was not authorized in this case.

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4