**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 97-4015

DANNY THOMAS LOUDERMILK,
Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-106-2)

Submitted: November 12, 1997

Decided: November 26, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Clarke VanDervort, PAYNE, LOEB & RAY, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Miller A. Bushong, III, Assistant United States Attorney, Charleston,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Danny Loudermilk was convicted pursuant to his guilty pleas of one count each of conspiracy to launder money (18 U.S.C. § 1956(h) (1994)) and conspiracy to cultivate and distribute marijuana (21 U.S.C. § 846 (1994)). Loudermilk's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the district court erred by assessing one criminal history point for a 1985 conviction for operating a motor boat while under the influence of alcohol ("DUI"). Finding no error, we affirm.

Loudermilk and a co-defendant were large marijuana dealers. They laundered the proceeds from their illegal activities by purchasing property and placing it in other peoples' names. During sentencing, the district court adopted, over defense objection, the recommendation in the presentence report assessing Loudermilk one criminal history point for the DUI conviction.

"Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted" in arriving at a defendant's criminal history score. [1] Loudermilk asserts that the Sentencing Commission did not contemplate offenses involving motor boats. We find this assertion to be without merit. As a threshold matter, the burden was on Loudermilk to show that the assessment in the presentence report was erroneous. [2] Loudermilk failed to cite any authority, nor could we find any, supporting his assertion. More importantly, we have previously held that "all felony offenses, misdemeanors and petty offenses" are counted in arriving at a criminal history category unless specifically excluded by the Guidelines.[3] Since there are no Guidelines provisions which specifically exclude DUI's involving motor boats from calculation of a defendant's criminal history score, we find that the district court did not err in assessing one criminal history point for Loudermilk's 1985 DUI conviction.

---

[1] **U.S. Sentencing Guidelines Manual** § 4A1.2, comment. (n.5) (1995).
[2] **See United States v. Terry**, 916 F.2d 157, 162 (4th Cir. 1990).
[3] **See United States v. Deigert**, 916 F.2d 916, 918 (4th Cir. 1990).

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u> and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Loudermilk's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3