**UNITED STATES of America, Plaintiff,**

v.

**Clifton Maurice BRADLEY, Defendant.**

**No. CRIM. 3:99–CR–28.**

United States District Court, N.D. West Virginia, Martinsburg Division.

Feb. 14, 2000.

Thomas O. Mucklow, AUSA, U.S. Atty., Martinsburg, WV, for U.S.

Keith L. Wheaton, Martinsburg, WV, Mark Jenkinson, Douglas & Jenkinson, Martinsburg, WV, for Clifton Maurice Bradley.

*ORDER OF SENTENCING HEARING DENYING DEFENDANT'S MOTION IN SUPPORT OF DOWNWARD DEPARTURE FROM PRESENT FEDERAL SENTENCING GUIDELINES LEVEL*

BROADWATER, District Judge.

On this day, the 7th of February, 2000, came the defendant, in person and by counsel, Keith L. Wheaton, and the United States, represented by Assistant United States Attorney Thomas O. Mucklow, for a sentencing hearing.[1]

The Court addressed defendant's Motion in Support of Downward Departure from

1. Doc. # 58.

Present Federal Sentencing Guideline Level.[2] Counsel for the defendant addressed, and the United States responded to, the four arguments in support of this motion: (1) the defendant's career criminal history category; (2) the defendant's prior drug use and family circumstances; (3) the probation officer's determination of serious bodily injury; and (4) carjacking and the additional two (2) level increase to the base offense level.

1. The Defendant's Career Criminal History Category.

■ Under U.S. SENTENCING GUIDELINES MANUAL § 4B1.1, a defendant is a career offender if, *inter alia,* "defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."[3] The probation officer determined that the defendant was a career offender.

Counsel for the defendant argued that defendant did not commit the requisite "two prior felony convictions" to be deemed a career offender.[4] Specifically, counsel for the defendant argued that the two alleged felonies were not felonies because the jurisdiction, where defendant committed these crimes, did not define those crimes as felonies.[5] Therefore, counsel for the defendant argued that because defendant did not commit the requisite "two prior felony convictions", defendant is not a career offender.

The United States objected. The United States argued that the definition the jurisdiction attaches to the crime is not relevant. In support of its argument, the United States cited U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 application note 1 defining felony without regard to whether the jurisdiction specifically defines the crime as a felony.[6] Furthermore, the United States argued that the cases relied upon by counsel for the defendant are not persuasive.

In response, the Court called the Probation Officer as a witness. The Probation Officer advised the parties and the Court of its analysis and conclusion that defendant was a career offender.

Upon consideration of the arguments presented, the Court was of the Opinion that the probation officer correctly determined defendant to be a career offender. Accordingly, the Court **ORDERED** that the motion be **DENIED** on this issue.

2. The Defendant's Prior Drug Use and Family Circumstances.

Counsel for the defendant argued that the Court should grant the motion for a downward departure because at the time defendant committed the offense, for which he was charged, defendant was under the influence of drugs. Furthermore, counsel for the defendant argued that defendant's family circumstances should warrant a downward departure.[7]

---

2. Doc. # 57.

3. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (1999).

4. *Id.*

5. Defendant was convicted of conspiracy in Maryland. Counsel for the defendant argued that under Maryland law, conspiracies are not felonies, but rather, misdemeanors. Counsel for the defendant cited, in support of this proposition, *Jones v. State,* 8 Md.App. 370, 259 A.2d 807 (1969).

6. U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 application note 1 (1999) (" 'Prior felony conviction' means a prior adult federal or state

conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony* and regardless of the actual sentence imposed.") (emphasis added).

7. Counsel for the defendant cited, in support of its motion on this issue, U.S. SENTENCING GUIDELINES MANUAL § 1B1.4 (1999). However, this guideline addresses the information the Court may consider in imposing a sentence. Instead, counsel for the defendant should have cited U.S. SENTENCING GUIDELINES MANUAL § 5H1.6 (1999) (stating that family ties and responsibilities are not ordinarily relevant "in determining whether a sentence should be outside the applicable guideline range.").

The United States argued that the defendant's influence of drugs, at the time of the offense, is not a grounds for downward departure. Furthermore, the United States argued that there was no evidence that defendant was under the influence of drugs at the time the defendant committed the crime. Additionally, the United States argued that defendant's family circumstances were not sufficiently extraordinary to warrant a downward departure.[8]

Upon consideration of the arguments presented, the Court **ORDERED** that defendant's motion be **DENIED** on this issue.

3. The Probation Officer's Determination of Serious Bodily Injury.

The probation officer determined that this offense resulted in a serious bodily injury to the victim. Accordingly, the probation officer increased defendant's base offense level by four (4).[9]

Counsel for the defendant argued that the victim's injuries were not life threatening. As such, counsel for the defendant argued that the victim did not suffer serious bodily injury. For this reason, counsel for the defendant argued that the probation officer erred in increasing defendant's base offense level by four (4).

In response, the United States argued that defendant's arguments, concerning the lack of life threatening injuries, are not relevant to the analysis of whether the victim suffered serious bodily injury.[10]

Furthermore, the United States argued that, in any case, the victim suffered serious bodily injury.

Upon consideration of the arguments presented, the Court determined that the Probation Officer correctly increased defendant's base offense level by four (4). Accordingly, the Court **ORDERED** that defendant's motion be **DENIED** on this issue.

4. Carjacking and the Additional Two (2) Level Increase To The Base Offense Level.

The Probation Officer determined that because the instant offense involved attempted carjacking, the defendant's base offense level should be increased by two (2) levels.[11]

Counsel for the defendant argued that the additional two (2) level increase to the base offense level is not warranted.

The United State argued, in response, that there is no authority in support of defendant's argument.

The Court determined that the Probation Officer correctly increased defendant's base offense level by two (2). Accordingly, the Court **ORDERED** that defendant's motion be **DENIED** on this issue.

The Court then sentenced defendant.

**8.** Under U.S. Sentencing Guidelines Manual § 5H1.6 (1999), family ties and responsibilities are grounds for downward departure only if they are exceptional or, otherwise, extraordinary. *See United States v. Rybicki*, 96 F.3d 754, 759 (4th Cir.1996) ("Because the record does not indicate that [family ties and responsibilities] are present to an 'exceptional' degree, they may not form the basis for a downward departure."); *United States v. Bell*, 974 F.2d 537, 539 (4th Cir.1992) ("Thus, this circuit has held that in order to justify a departure on the basis of family responsibilities, a defendant must show that his situation is somehow 'extraordinary.' "); *United States v. Deigert*, 916 F.2d 916, 919 (4th Cir.1990) ("To the extent §§ 5H1.1—5H1.6 factors might relate to this case, the Guidelines permit departure when the circumstances are extraordinary.").

**9.** *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(B) (1999) (stating that the offense level is increased by 4 levels if the degree of bodily injury is found to be serious bodily injury).

**10.** *See* U.S. Sentencing Guidelines Manual § 2B3.1(3)(B) & (C) (1999) (distinguishing between serious bodily injury and life-threatening injury).

**11.** *See* U.S. Sentencing Guidelines Manual § 2B3.1(b)(5) (1999) ("If the offense involved carjacking, increase [the offense level] by 2 levels.").