UNITED STATES of America, Plaintiff,

v.

Robert Hernandez GUERRA, Defendant.

Crim. No. 3:91–CR–418–D.

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 5, 1993.

Michael J. Uhl, Asst. U.S. Atty., Dallas, TX, for plaintiff.

Suzanna O. Perez, Asst. Federal Public Defender, Dallas, TX, for defendant.

FITZWATER, District Judge:

Defendant's motion for modification of sentence presents a question of apparent first impression. The court must decide whether, pursuant to 18 U.S.C. § 3582(c)(2), it may modify a defendant's sentence on the basis of the November 1, 1992 amendment to U.S.S.G. § 3E1.1, which permits a three-level decrease for acceptance of responsibility. The court holds it may not.

I

On June 19, 1992 the court sentenced defendant Robert Hernandez Guerra ("Guerra") to a term of imprisonment of 87 months for the offense of possessing cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1).[1] The probation officer calculated a base offense level of 32, determined in accordance with the drug quantity table. The probation officer adjusted the base offense level downward two levels because Guerra was a minor participant. Pursuant to U.S.S.G. § 3E1.1(a), the court awarded Guerra a two-level decrease for acceptance of responsibility. Based on a criminal history category of II, and a total offense level of 28, Guerra's resulting guideline range was 87 to 108 months. The sentence fell within the applicable range.

1. The court also ordered Guerra to serve a period of supervised release of five years and to pay the mandatory special assessment.

On November 1, 1992 the United States Sentencing Commission's amendment to U.S.S.G. § 3E1.1 took effect. The former version permitted the court to decrease the offense level by two levels for acceptance of responsibility. As revised, § 3E1.1(b) enables the court to decrease the offense level an additional one level when the defendant (1) qualifies for the two-level decrease permitted by § 3E1.1(a); (2) the offense level determined prior to the operation of subsection (a) is level 16 or greater; and (3) the defendant "has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more" of the steps prescribed in § 3E1.1(b)(1) and (2).

Guerra relies upon 18 U.S.C. § 3582(c)(2) as authority for the court to modify his sentence. He asks that the court sentence him to 78 months imprisonment, which would fall within the 78–97 month range applicable to a total offense level of 27 and criminal history category of II. The government opposes the motion, contending U.S.S.G. § 1B1.10(a) and (d) do not permit application of the amended version of § 3E1.1(b) to a defendant sentenced prior to the amendment's effective date.

## II

■ 18 U.S.C. § 3582(c)(2) provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

(Emphasis added).[2] The relevant policy statement issued by the Sentencing Commission provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

U.S.S.G. § 1B1.10(a). Section 1B1.10(d), to which § 1B1.10(a) refers, includes 11 amendments. Amendment No. 459, which adopts the new three-level decrease for acceptance of responsibility, *see* U.S.S.G.App. C at 281 (1992), is not listed in § 1B1.10(d) as one of the amendments that may be considered in reducing a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).

■ The court's resolution of Guerra's motion turns on whether the policy statement set out in § 1B1.10(a) is binding on the court. In 28 U.S.C. § 994(a)(2), "Congress clearly authorized the Sentencing Commission to promulgate policy statements." *United States v. Wimbish*, 980 F.2d 312, 314 (5th Cir.1992). "[C]ourts must consider the Sentencing Commission's policy statements when imposing sentence." *Id.* (citing 18 U.S.C. § 3553(a)(5) (Supp.1992)). Policy statements, unlike guidelines, are not binding on the sentencing court, although they guide the court. *See id.* at 317 ("The commentaries to Sentencing Guidelines are policy statements which help interpret and explain the guidelines. As such, the commentaries guide but do not bind the sentencing court").

■ Although policy statements usually guide but do not constrict a sentencing

**2.** *See also* 28 U.S.C. § 994(u):
If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced.

482

judge, some policy statements may carry the force of guidelines. *United States v. Headrick,* 963 F.2d 777, 781 (5th Cir.1992). To determine the effect of a policy statement, the court must examine the statement "separately in the context of [its] statutory basis and [its] accompanying commentary." *Id.* (quoting *United States v. Lee,* 957 F.2d 770, 773 (10th Cir.1992)). 18 U.S.C. § 3582(c)(2), the statute that Guerra invokes as authority for a sentence reduction, expressly permits a judge to modify a sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In the context of this statute, the court concludes that Congress intended that the policy statement set out in U.S.S.G. § 1B1.10(a) is binding upon this court in deciding whether it may modify Guerra's sentence pursuant to § 3582(c)(2). *See United States v. Kelley,* 956 F.2d 748, 753 (8th Cir.1992) (en banc) (§ 3582(c)(2), with use of mandatory language, evidences congressional intent that courts consider policy statements and that courts' actions be consistent with policy statements in the Guidelines).

Accordingly, because § 1B1.10(a) is binding on the court and permits a sentence modification only for amendments listed in § 1B1.10(d), and because § 1B1.10(d) does not include Amendment No. 459, Guerra's motion for modification of sentence must be and is denied.

SO ORDERED.