**UNITED STATES of America, Plaintiff,**

v.

**Osvaldo J. SOLIS–SOLIS, Defendant.**

**Crim. A. Nos. 91–10119–01, 92–3449–MLB.**

United States District Court,
D. Kansas.

Jan. 28, 1993.

---

Kim Fowler, Asst. U.S. Atty., Wichita, KS, for plaintiff.

Solis–Solis, pro se.

## ORDER

BELOT, District Judge.

The defendant, an illegal alien, pleaded guilty to a two count indictment charging him with distribution of large quantities of cocaine. On April 27, 1992, the defendant was sentenced to concurrent terms of 57 months imprisonment on each count. Defendant has now filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his sentence.

Defendant's first contention is that he did not receive a two level downward departure for acceptance of responsibility as "... was promised him by the government in exchange for a plea of guilty." Defendant's contention is untrue and irresponsibly made by whoever prepared the motion on his behalf.

The defendant was not "promised" anything by the government. The government agreed to recommend a two level reduction for acceptance of responsibility and the defendant repeatedly acknowledged, both orally and in writing, his understanding that the government's recommendation did not have to be followed by the court. In fact, however, the recommendation was followed. The presentence report, pages 7 and 8, shows that the defendant received a two level reduction for acceptance of responsibility which resulted in a total offense level of 24. This yielded a guideline range of 51–63 months and the defendant received a term of 57 months.

Defendant's second contention is that he now should receive a three level reduction for acceptance of responsibility in accordance with the amendment to guidelines § 3E1.1 which went into effect on November 1, 1992 (Appendix C, Amendments to the Sentencing Guidelines Manual, amendment 459). This amendment, which is yet another stream feeding into the never-ending torrent of revisions and amendments to the Sentencing Guidelines, allows an additional one level decrease when a defendant timely notifies authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

There is nothing in the text of the amendment or in the comments pertaining thereto which indicates that this amendment is to have retroactive application. On the contrary, the comments specifically state: "the effective date of this amendment is November 1, 1992." Nevertheless, the defendant insists that the amendment must be applied retroactively by virtue of 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the Sentencing Guidelines Manual.

18 U.S.C. § 3582(c)(2) provides, in pertinent part:

(c) *Modification of an imposed term of imprisonment.* The court *may not modify* a term of imprisonment once it has been imposed except that

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by

the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis supplied).

18 U.S.C. § 3553(a) provides:

(a) *Factors to be considered in imposing a sentence.* The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are *in effect on the date the defendant is sentenced.*

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is *in effect on the date the defendant is sentenced;*

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense. (emphasis supplied)

§ 1B1.10 of the Guidelines Manual provides:

*Retroactivity of Amended Guideline Range* (Policy Statement)

(a) Where a defendant is serving a term of imprisonment, and the *guideline range* applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may *be considered* under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.*

(b) In determining whether a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have originally imposed had the guidelines, *as amended,* been in effect at that time.

(c) Provided, that a reduction in a defendant's term of imprisonment may, in no event, exceed the number of months by which the maximum of the guideline range applicable to the defendant (from Chapter Five, Part A) has been lowered.

(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461. (emphasis supplied).

The term "guideline range" is not specifically defined in chapter five of the Guidelines Manual, probably because the term is self-evident. A comparison of the guideline ranges in effect at the time the defen-

dant was sentenced (November 1, 1991 Sentencing Table) and the current Sentencing Table (November 1, 1992) shows that the ranges are identical: 46–57 months for offense level 23, category I and 51–63 months for offense level 24, category I.

It is clear, therefore, that the sentencing range has *not* been lowered. This fact, alone, precludes modification of the defendant's sentence because 18 U.S.C. § 3582(c)(2) states that the court may not modify a term of imprisonment except if the sentencing range has been lowered. Moreover, § 1B1.10(a) states that even if the guideline range has been lowered as the result of an amendment, modification of a sentence is an option for the sentencing court. If there has been no amendment, the guidelines make it clear that a reduction would not be consistent with guidelines' policy. Section 1B.10(d) states that amendment 459, the amendment relied upon by the defendant, is *not* covered by the policy statement.

Accordingly, the statute and guidelines unequivocally show that the defendant is not entitled to a reduction of his sentence and therefore defendant's motion (Doc. 68) is denied.

IT IS SO ORDERED.