**UNITED STATES of America**

v.

**Linda Denise WILLIAMS.**

**No. Cr–91–110–02–D.**

United States District Court,
M.D. North Carolina,
Durham Division.

Feb. 10, 1993.

---

Paul Weinman, Asst. U.S. Atty., Greensboro, NC, for U.S.

David Tanis, Winston–Salem, NC, for petitioner.

## MEMORANDUM OPINION

ERWIN, Senior District Judge.

This matter is before the court on petitioner's motion for modification of an imposed term of incarceration. The petitioner filed a motion in support of her position, and the United States also filed the appropriate opposing brief. The court will deny petitioner's motion.

### Nature of the Case

This appeal raises the question of whether an amendment to the United States Sentencing Commission Guidelines Manual effective after the petitioner's sentencing can be retroactively applied to reduce the petitioner's imposed term of imprisonment. Specifically, the petitioner asks the court to consider whether the amended U.S.S.G. § 3E1.1, that is, Amendment 459, can be applied post-sentencing and thus reduce the petitioner's sentence. The court holds that a retroactive application of Amendment 459 is not allowable as it is not included among the list of amendments that are to be given retroactive effect.

### Statement of Facts

The petitioner entered a plea of guilty and was sentenced. No appeal or collateral attacks on sentencing nor plea was undertaken.

At sentencing, the petitioner received a two-level downward adjustment in her sentence for acceptance of responsibility. Since that date, the United States Sentencing Commission amended the Guidelines U.S.S.G. § 3E1.1 by Amendment 459, which now allows a three-level downward adjustment for such acceptance of responsibility.

The petitioner seeks retroactive application of Amendment 459.

### Discussion

As a result of Amendment 459, U.S.S.G. § 3E1.1 has been expanded to allow a three-level downward adjustment for acceptance of responsibility. The petitioner claims that the amendment should be retroactively applied to her because she pleaded guilty. However, this court must examine not only the petitioner's record, but all the applicable statutes governing Section 3E1.1.

The court looks first to Title 18 U.S.C. § 3582(c)(2) (1984) which applies to a defendant who has already been sentenced and moves for a reduction in that sentence. Title 18 U.S.C. § 3582(c)(2) instructs the court to examine Title 18 U.S.C. § 3553(a) (1984) and the policy statements issued by the United States Sentencing Commission.

Looking to Title 18 U.S.C. § 3553(a), the court finds nothing persuasive for either the petitioner's or Government's position, and the court looks next to the policy statement provided by the Sentencing Commission:

> § 1b1.10 *Retroactivity of Amended Guideline Range* (Policy Statement)
>
> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.
>
> . . . .
>
> (d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

*Commentary*

*Application Note:*

1. *Although eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) of this section, the amended guideline range referred to in subsections (b) and (c) of this section is to be determined by applying all amendments to the guidelines (i.e., as if the defendant was being sentenced under the guidelines currently in effect).*

Explicitly stated is that eligibility for consideration is triggered only by an amendment listed in Subsection (d). The Petitioner's claim for consideration, Amendment 459, does not fall within the above list, and is thus not eligible for consideration.

Other courts are in accord. In *United States v. Guerra*, 809 F.Supp. 480, 481 (N.D.Tex. 1993), the court reached the same conclusion through the same analysis, stating, "because § 1B1.10(a) is binding on the court and permits a sentence modification only for amendments listed in § 1B1.10(d), and because § 1B1.10(d) does not include Amendment No. 459, [the defendant's] motion for modification of sentence must be and is denied." Similarly, in *United States v. Nettles*, Crim. Action No. 90–0005 Section "I" (4), 1993 WL 8304, at *1, 1993 U.S. Dist. LEXIS 317, at *2 (E.D.La. Jan. 8, 1993), the court stated: "Amendment 459 is not listed in subsection (d) above. The Court, therefore, may not apply the amended guideline retroactively to reduce the defendant's sentence as it would not be 'consistent with applicable policy statements issued by the Sentencing Commission.' 18 U.S.C. § 3582(c)(2)."

In conclusion, the petitioner's motion is hereby denied for the reasons stated above.