UNITED STATES of America, Plaintiff,

v.

Rudolfo Hernandez AVALOS, a/k/a Rudy Hernandez, Defendant.

Civ. A. No. 92–Z–2519.
Crim. A. No. 90–CR–323–04.

United States District Court,
D. Colorado.

March 31, 1993.

David M. Gaouette, Asst. U.S. Atty., Denver, CO, for plaintiff.

Rudolfo Hernandez Avalos, pro se.

ORDER

WEINSHIENK, District Judge.

The matter before the Court is defendant's Motion For Resentencing Pursuant To 28 U.S.C. § 2255. On May 13, 1991, after a plea of guilty, defendant was sentenced under the United States Sentencing Guidelines (U.S.S.G.), receiving a two-level downward adjustment for acceptance of responsibility. Defendant now accurately notes that the Sentencing Commission rewrote the guideline for acceptance of responsibility. Effective November 1, 1992, U.S.S.G. § 3E1.1 provides for a three-level downward adjustment in certain cases at level 16 or greater. The question defendant raises is whether the new three-level adjustment should be applied retroactively to his sentence. After careful consideration, the Court is satisfied that the amendment may not be applied retroactively.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment if the sentencing range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." An applicable policy statement was issued by the Sentencing Commission in the November 1, 1992, amendment of U.S.S.G. § 1B1.10 entitled "Retroactivity of Amended Guideline Range (Policy Statement)." The policy statement indicates that a reduction may be considered for eleven listed amended guidelines. It goes on to say that, if an amended guideline is not listed, then "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement." U.S.S.G. § 1B1.10(a) as amended November 1, 1992. In other words, if an amended guideline is not listed under U.S.S.G. § 1B1.10(d), it may not be applied retroactively.

The amendment affecting acceptance of responsibility is numbered 459 in Appendix C to the 1992 amendments, and is not included in the eleven amendments listed by their Appendix C numbers in U.S.S.G. § 1B1.10(d). Therefore, as a matter of policy, this amendment is not to be applied retroactively.

The reason for a change to the guideline for acceptance of responsibility was because of concern that defendants facing long sentences to imprisonment did not have sufficient incentive to enter pleas of guilty rather than to go to trial. In this case, the defendant had such incentive, entered a plea, and

was sentenced to a stipulated term of confinement.

For the reasons stated, it is

ORDERED that defendant's Motion For Resentencing Pursuant To 28 U.S.C. § 2255 is denied and the cause of action dismissed.