**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Henry DULLEN, Defendant–
Appellant.**

**No. 93–5209.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1993.

Decided Jan. 21, 1994.

James Zerhusen, Asst. U.S. Atty. (argued and briefed), Karen K. Caldwell, U.S. Atty., Office of U.S. Atty., Lexington, KY, for plaintiff-appellee.

David A. Bratt (argued and briefed), Brown, Bucalos, Santana & Bratt, Lexington, KY, for defendant-appellant.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and BROWN, Senior Circuit Judge.

BOGGS, Circuit Judge.

This appeal raises the question whether a defendant who obtains a reduced sentencing-guidelines offense level for accepting responsibility may benefit retroactively from an amendment to those guidelines, enacted ten weeks after he was sentenced. The amendment would have permitted a further reduction in his offense level had it been effective when he was sentenced. The district court refused to grant the further reduction on the grounds that the amendment was not retroactive. For the reasons set forth below, we affirm.

I

Dullen was charged with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). He pleaded not guilty at his arraignment on January 21, 1992. On May 11, eight days before trial, he changed his plea to guilty. Because he "accepted responsibility" for his acts, he earned a two-level reduction from his offense level of 18. U.S.S.G. § 3E1.1 (prior to 1992 amendment). He had a criminal history category of VI. Accordingly, his guideline sentencing range was 46–57 months, and the court sentenced him to 46 months' imprisonment. Dullen accepted his sentence without appeal.

On November 1, 1992, only ten weeks after Dullen's sentencing, U.S.S.G. § 3E1.1 was amended by Amendment 459. Amendment 459 provides an extra one-level decrease in offense level to a defendant: (a) who accepts responsibility for his offense; (b) who has a total offense level of 16 or more; and (c) who assists the authorities in the investigation or prosecution of his misconduct by taking one or both of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

U.S.S.G. app. C, amend. 459 (1992).

On January 13, 1993, Dullen moved, under 18 U.S.C. § 3582(c), for a sentence modification, seeking to benefit from the additional one-level reduction. Such a reduction would lower his sentencing range by at least five months, to 41–51 months. However, the district court ruled on January 28 that the amendment of U.S.S.G. § 3E1.1 came too late to benefit Dullen because criminals should be sentenced based on "the guidelines in effect on the date the defendant is sentenced." Dullen brings this timely appeal from the district court's denial of his Motion for Reduction of Sentence.

II

When the United States Sentencing Commission lowers a particular sentencing range, by amending its Guidelines after a convict's sentencing date, a court may act to modify the penalty that it had imposed earlier under the stricter regime. However, such a modification is proper only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Indeed, "[t]he principle that the Guidelines Manual is binding on federal courts applies as well to policy statements [issued by the Sentencing Commission]." *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1917, 123 L.Ed.2d 598 (1993). *But cf. United States v.*

*Levi*, 2 F.3d 842, 845 (8th Cir.1993). In this case, we find a clear policy statement:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines [that is specifically enumerated in U.S.S.G. § 1B1.10(d) ], a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.

U.S.S.G. § 1B1.10(a). Subsection (d) enumerates a number of amendments that apply retroactively. However, Amendment 459 is not among them.

When sentencing a convict, the court "shall consider ... the kinds of sentence and the sentencing range established for the applicable category of offense ... that are in effect on the *date* the defendant is *sentenced* [and] any pertinent policy statement issued by the Sentencing Commission ... that is in effect on the *date* the defendant is *sentenced*...." 18 U.S.C. § 3553(a)(4), (5) (emphasis added). Similarly, this court has stated that "[t]he version of the guidelines in effect at the *time of sentencing* is ordinarily applied." *United States v. Jennings*, 945 F.2d 129, 135 n. 1 (6th Cir.1991) (emphasis added), *opinion clarified on other grounds*, 966 F.2d 184 (1992).

Other circuits' rulings parallel this court's view. For example, in *United States v. Havener*, 905 F.2d 3, 5–8 (1st Cir.1990), a convict sought a sentence modification because a new two-level downward adjustment for "acceptance of responsibility" had become effective six months after he was sentenced. The court rejected his plea. Even more recently, the First Circuit, relying on *Havener*, rejected a plea that is identical to Dullen's in this case. *Desouza v. United States*, 995 F.2d 323, 324 (1st Cir.1993). Moreover, the *Desouza* court specifically noted that Amendment 459 had not been included by the Sentencing Commission in U.S.S.G. § 1B1.10(d), which lists those amendments to the Guidelines that are to have retroactive effect.

The Second Circuit has ruled in the same manner. In one recent case, a previously sentenced convict sought retroactive application of Amendment 459 to U.S.S.G. § 3E1.1—exactly as Dullen does here. The Second Circuit rejected the claim, holding that "Congress did not wish appellate courts on direct review to revise a sentence in light of changes made by the [Sentencing] Commission after the sentence has been imposed." *United States v. Caceda*, 990 F.2d 707, 710 (2d Cir.) (quoting *United States v. Colon*, 961 F.2d 41, 46 (2d Cir.1992)), *cert. denied*, —— U.S. ——, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993). Rather, "[o]nly certain enumerated amendments are specified by the Guidelines as exceptions to the general rule that amendments are not to be applied retroactively even though appellate review has not been concluded." *Ibid.* Section 1B1.10(d) does not include the 1992 amendment to section 3E1.1. Therefore, the *Caceda* court refused to grant it retroactive effect. Two weeks before *Caceda*, a different Second Circuit panel considered the same question and reached the same result. *United States v. Rodriguez*, 989 F.2d 583, 587 (2d Cir.1993); *see also United States v. Rios–Paz*, 808 F.Supp. 206, 207 (E.D.N.Y.1992) ("a sentencing court is required to consider the sentencing guidelines in effect at the sentencing date").

The Eighth Circuit has also recently held that it would not grant retroactive effect to Amendment 459 because that amendment was not among those designated in section 1B1.10(d) for retroactive application. *United States v. Dowty*, 996 F.2d 937 (8th Cir.1993). The *Dowty* court also cited the Fourth Circuit's first opinion on the matter, albeit unpublished. In *United States v. Soffos*, No. 93–6032, 1993 WL 174150 (4th Cir. May 25, 1993), 993 F.2d 1541 (table), *cited in Dowty*, 996 F.2d at 938–39, that panel also refused to apply Amendment 459 retroactively.

The Ninth and Tenth Circuits recently held that they, too, would not apply Amendment 459 retroactively. *See United States v. Cueto*, 9 F.3d 1438, 1440–41 (9th Cir.1993) (stating that Amendment 459 had not been included among the amendments listed in U.S.S.G. § 1B1.10(d) for retroactive applica-

tion); *United States v. Avila,* 997 F.2d 767 (10th Cir.1993) (same); *see also United States v. Avalos,* 817 F.Supp. 894, 894–95 (D.Colo.1993) (observing that the reason for Amendment 459 "was [the] concern that defendants facing long sentences to imprisonment did not have sufficient incentive to enter pleas of guilty rather than go to trial [but defendant Avalos] had such incentive, entered a plea, and was sentenced to a stipulated term of confinement").

Thus, the First, Second, Fourth, Eighth, Ninth, and Tenth Circuits have all considered the precise subject that is raised on Dullen's appeal. Furthermore, district courts in both the Fifth and Seventh Circuits have also held that Amendment 459 does not have retroactive effect. *United States v. Guerra,* 809 F.Supp. 480 (N.D.Tex.1993); *United States v. Heard,* 810 F.Supp. 242 (N.D.Ill.1993). Indeed, appellant's own brief acknowledges that at least twenty additional district court cases around the nation have come to the same conclusion.

Amendment 459 is not listed in U.S.S.G. § 1B1.10(d), which exists precisely for the purpose of identifying those amendments that are intended to be effective retroactively. Its *raison d'être,* to motivate defendants to plead responsibility for their acts, has no relevance to a case like Dullen's, in which the defendant apparently decided, eight days before his trial was to begin, that the prospect of a two-level reduction in base offense level was motivation enough to plead guilty. Amendment 459 did not exist on Dullen's sentencing date, and this court stated in *Jennings* that we apply the version of the guidelines that is in effect at sentencing time.

### III

■ We are also unpersuaded by Dullen's creative effort to couch his appeal in constitutional terms. Unlike others who have sought a retroactive reduction, Dullen has also stated a constitutional argument, contending that the Sentencing Commission violated his right to substantive due process by failing to follow its own rationale when it chose not to accord retroactive effect to Amendment 459.

■ The Commission's reasoning is often included in the "Commentary," including "Application Notes" and "Background," that follows many Guidelines sections. This additional material often assists in the interpretation of the Guidelines text. Indeed, commentary that serves to interpret a guideline provision or to explain how it is to be applied is controlling and is "akin to an agency's interpretation of its own legislative rules." *Stinson,* —— U.S. at —— – ——, 113 S.Ct. at 1917–19. However, here the guideline text lays out clear rules, and the background commentary merely describes some of the factors considered by the Commission in adopting those rules. This court will not create a different rule from that clearly stated in the text merely because a litigant thinks that the Commission's reasoning should have led it in a different direction.

Although the Guidelines seek to achieve uniformity in sentencing and to avoid unwarranted sentencing disparities, they are not directed at resolving all conceivable disparities between all prisoners who have been sentenced in the past and all who will be sentenced in the future. If they were so directed, then all amendments would apply retroactively, not only those particularly designated in section 1B1.10(d).

### IV

For the foregoing reasons, the decision by the district court to deny Dullen's motion for a retroactive offense-level reduction is AFFIRMED.