43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffory W. RANSOM, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3181.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1994.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Petitioner appeals from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Jeffory Ransom was convicted after a guilty plea to three offenses: conspiracy to import marijuana, in violation of 21 U.S.C. Sec. 963; engaging in prohibited monetary transactions, in violation of 18 U.S.C. Sec. 1957, and; making false statements to an FBI agent, in violation of 18 U.S.C. Sec. 1001. Ransom did not take a direct appeal from this conviction.
 
 
 4
 In 1993, Ransom filed a motion to vacate sentence in which he raised three challenges to his sentence. The matter was referred to a magistrate judge who recommended that the motion be denied. The district court ultimately adopted this recommendation, over Ransom's objections, and this appeal followed. The parties have briefed the issues; Ransom is proceeding without benefit of counsel.
 
 
 5
 Ransom essentially sets forth the same three grounds for relief in his appellate filings found in his motion to vacate. Examination of the record and law do not reflect a proceeding so fundamentally flawed as to constitute a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 In 1990, Ransom and four others conspired to procure a quantity of marijuana. Ransom, a pilot, rented an airplane in furtherance of this conspiracy and flew first to Florida and then Jamaica. Ransom was to have taken delivery of the marijuana in Jamaica; instead, he crashed the aircraft upon his arrival. Ransom subsequently lied about the true nature of his mission and crash when interviewed by representatives of the National Transportation and Safety Board and the Federal Bureau of Investigation. Ransom later recanted and admitted his involvement in the abortive scheme as well as previous unsuccessful conspiracies to import and sell marijuana.
 
 
 7
 Ransom eventually pleaded guilty to a three-count information pursuant to a written agreement. The plea was accepted and sentence calculations began. Ransom's base offense level was enhanced, in part, by adjustments for his use of a private aircraft to import a controlled substance (U.S.S.G. Sec. 2D1.1(b)(2)), and for obstructing justice through his initial false statements to investigating officials (U.S.S.G. Sec. 2C1.1). The government did not make a motion for a "substantial assistance" sentence reduction (U.S.S.G. Sec. 5K1.1), but the court did adjust Ransom's base offense level downward two levels for acceptance of responsibility (U.S.S.G. Sec. 3E1.1). These calculations resulted in the court sentencing Ransom to a seventy-eight month term of imprisonment. Ransom's failure to take a direct appeal from this conviction and sentence was presumably due to his having agreed not to do so as a part of his plea bargain.
 
 
 8
 Ransom subsequently filed the present motion to vacate sentence under 28 U.S.C. Sec. 2255. Ransom raised three grounds for relief in the motion. First, Ransom claimed the government improperly refused to effect a reduction in his sentence by its failure to file a "substantial assistance" motion under U.S.S.G. Sec. 5K1.1. Next, Ransom contends his counsel was ineffective for not objecting to inapplicable enhancements of his sentence. Finally, Ransom suggests he is entitled to an additional one-point downward adjustment in his base offense level owing to his "activities facilitating the proper administration of justice in the district courts." The district court adopted the magistrate's recommendation to deny the motion without conducting an evidentiary hearing.
 
 
 9
 It is initially noted that Ransom's Sec. 2255 petition contains only challenges to the district court's technical application of the guidelines. These claims are nonconstitutional in nature and therefore are not strictly cognizable in this motion to vacate. See e.g., United States v. Faubion, 19 F.3d 226, 232-33 (5th Cir.1994). Nevertheless, an examination of the merits reflects the groundless nature of the motion.
 
 
 10
 Ransom's first claim lacks merit. Ransom complains that the government's decision not to make a U.S.S.G. Sec. 5K1.1 "substantial assistance" motion for a sentence reduction was improper and, at the least, should not have been rejected without an evidentiary hearing. This claim is founded, in part, on Ransom's unsupported allegation that he was informed by his counsel that a Sec. 5K1.1 motion would be forthcoming if he did not object to other portions of his sentence. The plea agreement and (limited) transcript of Ransom's plea colloquy, however, contain absolutely no reference to a promise to file a Sec. 5K1.1 motion. In addition, the record contains an affidavit by the Assistant United States Attorney involved at trial in which Ransom's allegation is specifically refuted. Ransom was also not entitled to an evidentiary hearing as the government's alleged breach was not said or shown to have been based on a constitutionally improper motive such as race or religion. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 
 
 11
 Ransom's second claim is likewise meritless. Ransom challenges his counsel's effectiveness because counsel did not object to two different enhancements of Ransom's base offense level and because he did not attempt to enforce the alleged oral agreement mentioned above. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56-60 (1985). The record reflects the baseless nature of this claim. Ransom's base offense level was enhanced by adjustments for his use of a private aircraft to import a controlled substance (U.S.S.G. Sec. 2D1.1(b)(2)), and for obstructing justice through his initial false statements to investigating officials (U.S.S.G. Sec. 2C1.1). The transcript of Ransom's plea colloquy reflects his acknowledgement of his involvement in the smuggling scheme as a pilot and his subsequent false testimony to law enforcement officials. In general, a solemn declaration of guilt carries a presumption of truthfulness; the subsequent presentation of unsupported or wholly incredible allegations to the contrary is subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, Ransom's simultaneous admission under oath of his guilt and the same aggravating sentencing factors he now claims his attorney should have disputed carries a presumption of truthfulness. There is no evidence that his counsel's performance was deficient under the Strickland/Hill test in failing to register a wholly frivolous objection to the inclusion of these enhancements.
 
 
 12
 Ransom's third ground for relief consists of his assertion that his assistance merited an additional one-point reduction in his base offense level. This claim is, in actuality, an attempt to have a change in the guidelines for acceptance of responsibility (U.S.S.G. Sec. 3E1.1) applied retroactively to his situation. This court has held, however, that the change to which Ransom refers, allowing a maximum three-point deduction instead of two, is not to be applied retroactively. United States v. Dullen, 15 F.3d 68, 69-71 (6th Cir.1994). The appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. District Judge for the Eastern District of Michigan, sitting by designation