52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pedro YORDAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2170.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1995.
 
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 
 ORDER
 
 1
 Pedro Yordan appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Yordan pleaded guilty to directing and causing another person to launder a financial instrument in violation of 18 U.S.C. Secs. 1956(a)(1)(A) and 2. The district court sentenced Yordan to 102 months of imprisonment, three years of supervised release, and imposed a $50 special assessment. Yordan did not file a direct appeal from his judgment of conviction and sentence.
 
 
 3
 In 1994, Yordan filed a motion to vacate sentence, alleging that: (1) he was forced to sign his plea agreement without benefit of translation; (2) he did not knowingly and voluntarily plead guilty; (3) he was not provided an opportunity to read the presentence report until two years after he was sentenced; and (4) he did not receive effective assistance of counsel. The district court determined that his claims were without merit and denied the motion. Yordan has filed a timely appeal and requests the appointment of counsel.
 
 
 4
 Upon review, we note that, with the exception of Yordan's ineffective assistance of counsel claim, Yordan's claims are considered waived as he did not raise those claims in a direct appeal, see United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993), and Yordan has not shown cause and prejudice to excuse his failure to raise these claims previously. Id. He has not shown any prejudice because his claims are without merit. Yordan knowingly and voluntarily entered his guilty plea. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court also properly complied with the provisions of Fed.R.Crim.P. 32 in sentencing Yordan. Yordan did not receive ineffective assistance of counsel, because he was informed of his rights at his guilty plea and sentencing. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lastly, Yordan's argument that the case should be remanded to the district court so that he could be awarded an additional one point for acceptance of responsibility under an amendment to the Sentence Guidelines is not properly before this court, as Yordan did not raise the issue for the first time in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Nonetheless, Yordan's argument is without merit, as that amendment does not apply retroactively. United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir.1994).
 
 
 5
 Accordingly, we deny Yordan's request for counsel and affirm the judgment for the reasons set forth in the district court's opinion and order filed on October 7, 1994. Rule 9(b)(3), Rules of the Sixth Circuit.