

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-1995

# United States v Thompson

Precedential or Non-Precedential:

Docket 95-5049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v Thompson" (1995). *1995 Decisions.* Paper 290.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/290

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NOS. 95-5049, 95-5050, 95-5189


UNITED STATES OF AMERICA

v.

RUDOLPH THOMPSON,

Appellant


On Appeal From the United States District Court
For the District of New Jersey
D.C. Crim. No. 90-cr-00216-03
D.C. Civ. No. 93-cv-02758


Submitted Under Third Circuit LAR 34.1(a)
September 19, 1995

Before: BECKER, HUTCHINSON,[554] Circuit Judges,
and LANCASTER,[555] District Judge

(Filed: November 15, 1995)

KEVIN MCNULTY,
ESQUIRE

Office of United
States

 Attorney
970 Broad Street
Room 502
Newark, NJ    07102

Counsel for Appellee

PATRICK A. MULLIN,
ESQUIRE

Third Floor
25 Main Street
Court Plaza North
Hackensack, NJ
07601

1

Counsel for

OPINION OF THE COURT


PER CURIAM:


      Section 3E1.1 of the United States Sentencing

Guidelines (USSG) instructs:

> (a)      If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.


Id. at 3E1.1(a) (1994).  Effective November 1, 1992, the Section

was amended to provide an additional third level of reduction for

a defendant with an offense level of 16 or greater who has

assisted the prosecution by

> (1)      timely providing complete information to the   government concerning his own involvement in the  offense; or

> (2)      timely notifying authorities of his intention   to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.


USSG § 3E1.1(b) (1994) (listed as Amendment No. 459 in Appendix C

to the USSG).

      This sentencing appeal by defendant Rudolph

Thompson presents the question whether Amendment 459, which

became effective approximately 18 months after Thompson was

sentenced, should be applied retroactively to provide a third level of reduction to his Guidelines offense level.  The district court, which sentenced Thompson to a term of 108 months imprisonment, held that it did not, and denied Thompson's request for a one-level reduction in his sentence pursuant to the Guideline amendment.  Following the holdings of every other circuit that has addressed the retroactivity question, we agree, and hence we affirm.

I.

Thompson pled guilty to a one-count information charging him with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  After reviewing the Presentence Report, the district court found an adjusted offense level of 32, subject to a two-level reduction pursuant to § 3E1.1 for acceptance of responsibility.  The total offense level of 30, combined with Thompson's Criminal History Category of II, produced a sentencing range of 108-135 months.

Thompson moved the district court for the additional level of reduction for acceptance of responsibility pursuant to Amendment 459, but the district court denied the motion, finding that Thompson was moving for a retroactive application of the amendment.  In doing so, the court relied upon United States v. Solis-Solis, 810 F. Supp. 1231, 1234 (D. Kan. 1993).  This appeal followed.  The district court had jurisdiction pursuant to 18 U.S.C. §§ 3231, 3582(c).  We have jurisdiction to review its order pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We exercise plenary review over legal

3

questions concerning the proper interpretation of the Sentencing Guidelines.  U.S. v. Shirk, 981 F.2d 1382, 1394 (3d Cir. 1992).

II.

Thompson grounds his claim for an additional, third level of reduction for acceptance of responsibility on both the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2).  As we recently explained, "[W]hen a crime is covered by the Sentencing Guidelines, the sentence is computed based not only on the relevant guidelines, but also on the Sentencing Commission's policy statements and commentary."  U.S. v. Bertoli, 40 F.3d 1384, 1404-05 (3d Cir. 1994).  We must also, therefore, look to any applicable policy statements.

The Sentencing Commission has issued a policy statement regarding retroactivity of amended guidelines.  It provides:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).  If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and is not authorized.
>
> . . .
>
> (c) Amendments covered by this policy statement are listed in Appendix C as follows:  126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499 and 506.

U.S.S.G §1B1.10 (1994).

4

The applicable statute, 18 U.S.C. § 3582(c)(2), states in relevant part that "in the case of a defendant who has been sentenced to a term of imprisonment . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The language of the applicable sections could not be clearer: the statute directs the Court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2). Amendment 459 is not listed in 1B1.10(c). Therefore, by the plain language of the policy statement, it does not have retroactive effect.

Our holding is in accord with the law of the other circuits. In fact, eight circuits have relied upon the plain language of USSG § 3E1.1 and 18 U.S.C. § 3582(c)(2) to hold that Amendment 459 should not be applied retroactively. See, e.g., U.S. v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994) (collecting cases). Furthermore, in holding that an amendment specifically listed in the policy statement at 1B1.10 has retroactive effect, we cited with approval the opposite conclusion that an amendment not so listed would not have retroactive effect. U.S. v. Marcello, 13 F.3d 752, 757 (3d Cir. 1994) (citing U.S. v. Rodriguez, 989 F.2d 583 (2d Cir. 1993)).

We therefore hold that Amendment 459, amending USSG § 3E1.1, does not apply retroactively to allow a third level of reduction in Thompson's sentence. The judgment of the district court will be affirmed.

5

[554]Judge Hutchinson became ill prior to the submission date and was unable to participate in the decision of this case before his death on October 8, 1995.

[555]The Honorable Gary L. Lancaster, United States District Judge for the Western District of Pennsylvania, sitting by designation. Although Judge Lancaster is not a judge of this court, his participation in this two judge decision is authorized because the Chief Judge of this court, by order filed on October 20, 1995, declared a judicial emergency. See 28 U.S.C. § 46(b).