**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall Lynn SHEPHERD,
Defendant–Appellant.**

No. 03–5438.

United States Court of Appeals,
Sixth Circuit.

Nov. 28, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Martin L. Hatfield, Asst. U.S. Attorney, Roger West, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Randall Lynn Shepherd, pro se, Ashland, KY, for Defendant–Appellant.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

*ORDER*

Randall Lynn Shepherd, a pro se federal prisoner, appeals a district court order dismissing his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 9, 1998, Shepherd stole $22,189.00 from a bank. A grand jury indicted him on one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of using and carrying a firearm during and in relation to the robbery in violation of 18 U.S.C. § 924(c). Shepherd pleaded guilty to both counts and was then sentenced on November 13, 2000, pursuant to the 1998 edition of the Guidelines Manual, to consecutive prison terms of 68 months and 60 months. This court affirmed the district court's judgment in *United States v. Shepard* [sic], No. 00–6612, 2002 WL 1461752 (6th Cir. July 3, 2002) (unpublished).

In his motion to modify, Shepherd asserted that he was entitled to a sentence reduction pursuant to Amendments 591 and 599 to the sentencing guidelines. Shepherd argued that the district court had erred in imposing consecutive sentences because both offenses arose from the same transaction. The district court

denied the motion, and this appeal followed.

Upon review, we conclude that the district court did not abuse its discretion by denying Shepherd's motion to modify. *See United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997).

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Dullen,* 15 F.3d 68, 69–70 (6th Cir.1994). Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under 18 U.S.C. § 3582(c) are listed at USSG § 1B1.10(c).

Both Amendment 591 and 599 are given retroactive effect under § 1B1.10 and became effective on November 1, 2001, after Shepherd was sentenced. However, nothing in either amendment suggests that Shepherd should not have received consecutive sentences or that he was otherwise improperly sentenced.

Amendment 591 modified USSG §§ 1B1.1(a), 1B1.2(a), 2D1.2, and the Statutory Index's introductory commentary. The amendment resolved a circuit conflict concerning § 2D1.2 and also clarified that "the sentencing court must apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within the limited 'stipulation' exception set forth in § 1B1.2(a)." USSG App. C, p. 32 (Supp.2000).

This amendment does not affect Shepherd's sentence. First, Shepherd's offense level was not enhanced pursuant to § 2D1.2. Second, review of the Presentence Investigation Report indicates that Shepherd was sentenced in accordance with the appropriate offense guidelines. His base offense level for the bank robbery conviction was determined pursuant to USSG § 2B3.1, as listed in the Statutory Index, and there was no base offense level for the § 924(c) conviction because § 924(c) carries a mandatory minimum sentence of 5 years consecutive to the punishment for a crime of violence or drug trafficking crime. *See* 18 U.S.C. § 924(c); USSG § 2K2.4(a).

Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). In particular, the amendment clarifies "under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses. The amendment directs that no guideline weapon enhancement should be applied...." USSG App. C, p. 71 (Supp. 2000).

This amendment does not affect Shepherd's sentence because § 2K2.4 was not used to enhance Shepherd's offense level.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.