Gurung v. Barr

BIA
Wright, IJ
A201 125 997/998

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty.

PRESENT:
> GUIDO CALABRESI,
> DENNY CHIN,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

RAJU PUNCHO GURUNG, AKA
RAJUPUNCHO GURUNG, SUJAN GURUNG,
> *Petitioners,*

v.                                          18-1860
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:           Ethan P. Davis, Acting Assistant Attorney General; Leslie McKay,

Senior Litigation Counsel;
Madeline Henley, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Raju Puncho Gurung and Sujan Gurung, natives and citizens of Nepal, seek review of a May 25, 2018, decision of the BIA affirming a July 19, 2017, decision of an Immigration Judge ("IJ") denying Raju Puncho Gurung's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Raju Puncho Gurung*, *Sujan Gurung,* No. A 201 125 997/998 (B.I.A. May 25, 2018), *aff'g* No. A 201 125 997/998 (Immig. Ct. N.Y. City July 19, 2017).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and questions of law and the application of law to undisputed facts de novo).

To establish asylum eligibility, an applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion.  *See* 8 U.S.C. § 1101(a)(42). If the applicant is found to have suffered past persecution, he is "presumed to have a well-founded fear of future persecution on the basis of the original claim."  8 C.F.R. § 1208.13(b)(1).

Past Persecution

The agency did not err in concluding that Gurung failed to show that he suffered past persecution at the hands of the Maoists.  "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'"  *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't*

3

*of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). Persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' . . . [and] the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in finding that Gurung's past harm did not rise to the level of persecution because he testified to only one incident of physical harm and provided little detail regarding the attack or his injuries. While Gurung testified that Maoists threw rocks at his group of protestors in 2006, he escaped without

4

harm. The only physical harm he suffered was in December 2009, when he was pushed and kicked. He provided little detail and appears to have sustained only a minor injury. Accordingly, the agency did not err in concluding that these incidents did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in agency's decision that harm did not rise to the level of persecution where applicant, "*prior* to his arrest and detention[,] . . . suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect").

Moreover, the Maoists' threats against Gurung's parents do not constitute past persecution of Gurung. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic."). And a letter threatening Gurung that was delivered to his parent's home was not a sufficiently imminent threat so as to constitute

5

past persecution.  *See Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("[U]nfulfilled threats alone generally do not rise to the level of persecution.  To warrant a different conclusion, an applicant must adduce objective evidence that the threat was so imminent or concrete, or so menacing as itself to cause actual suffering or harm." (internal citations and quotation marks omitted)).  Given the single, minor incident of physical harm and the one threatening letter, the agency did not err in determining that the cumulative harm did not rise to the level of persecution.  *See Mei Fun Wong*, 633 F.3d at 72.

Fear of Future Persecution

Absent a finding of past persecution, an applicant may establish asylum eligibility based on a fear of future persecution, but the applicant must show that "he subjectively fears persecution and establish that his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  Although a fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000), a fear is not objectively

6

reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). The agency did not err in determining that Gurung did not have an objectively reasonable fear of future persecution.

First, there is minimal record support for his claim that Maoists remain interested in him. A 2016 letter from a leader of a district development society states that Maoists still want revenge against Gurung, but the letter does not provide any basis for that information. Additionally, Gurung did not testify that the Maoists have looked for him since January 2010. And he conceded that he has not been politically active in the United States.

Second, the fact that the Maoists have not followed through on threats against Gurung's family despite his father's alleged support for the monarchy weighs against a finding that Gurung has an objectively reasonable fear of future persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (applicant's claimed fear of future persecution is weakened when similarly situated family members continue to live unharmed in petitioner's native

7

country).

Finally, there is limited support for Gurung's claim that some Maoists continue to persecute people who do not support their political position.  Gurung points to a 2010 U.S. State Department Report identifying a Maoist attack on a district president, but this one incident from 2009 that involved a district president from a different political party does not establish that Gurung would be singled out for his pro-monarchy political opinion.  *See* 8 C.F.R. § 1208.13(b)(2)(iii).  While this 2010 report notes reports of incidents of torture by Maoists, it does not identify the type of victims.  And although a later report from 2013 states that a breakaway faction of the Maoist party committed acts of violence, it is insufficient to show that Gurung would be singled out for persecution because it does not detail the frequency of the violence or reflect that Maoists are targeting their political opponents.  Several additional sources address issues related to holding Maoists accountable for violence during the civil war but do not discuss ongoing Maoist violence.  Accordingly, Gurung's country conditions evidence does not support his

8

claim that Maoists would single him out for persecution. *See Jian Xing Huang*, 421 F.3d at 129.

In sum, the agency did not err in determining that Gurung failed to state a well-founded fear of future persecution because he did not establish that Maoists continue to be interested in him, his family has remained unharmed in Nepal, and the country conditions evidence does not reflect that similarly-situated individuals are singled out for harm. *See id.* Gurung's failure to meet his burden for asylum is also dispositive of withholding of removal and CAT protection, which carry a higher burden. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court